On Rehearing.
PROVOSTY, X
The indictment in this case charges that the defendant “feloniously, willfully, and maliciously did set fire to and attempt to burn a lot of wooden box seats of a certain merry-go-round outfit belonging to Alexander Hardesty, with intent thereby then and there to injure the said Alexander Hardesty, contrary,” etc.
The indictment is based upon section 847 of the Revised Statutes, which reads as follows:
“Every person who shall willfully and maliciously set fire to or burn, or attempt to set fire to or burn, any bridge, shed, railroad, plank-road, railroad car, carriage or other vehicle, or any goods, wares, or merchandise, or any stack, bale or heap of hay, fodder, grain, corn or other produce, or any crop of cotton, grain or produce, or grass growing or standing in the field, or pasture or enclosure of another used as a pasture, or any nursery, orchard or trees not his own, or any fence around any field, farm or enclosure of another, or any cord wood in the cord, or any coal in a coal boat, coal yard or in a pile on the levee, or it the street, not belonging to himself, shall, on conviction, be imprisoned at hard labor for not less than a year nor more than fiye years.”
*639 It is noticed that, while the above statute enumerates a number of different kinds of property, the malicious burning or attempted burning of which is made a crime, it does not mention “wooden box seats of a merry-go-round outfit.” But the state contends that the word “goods” is synonymous with the word “property,” so that the statute makes it a crime maliciously to burn, or attempt to burn, any property of another, of whatever kind, and that therefore the attempt to burn the box seats of a merry-go-round outfit falls within the statute.
Defendant moved in arrest of judgment on the ground that the indictment does not set forth any crime known to the laws of this state. Iiis contention is that the word “goods,” in the connection in which it is used in this statute, means such articles as are usually bought and sold by merchants, and that the property referred to in the indictment is not alleged to have been of that character.
It is well known that words vary in meaning according to the connection in which they are used. For example, in “with all my earthly goods I thee endow,” the word “goods” means both real and personal property; whereas, in
“All thy lands and goods Are, by the laws of Venice, confiscate unto the state of Venice,”
—Its meaning is restricted to personal property. And in the same sentence the word “lands” means both land and buildings, although ordinarily it means only lands. In both of these sentences the word “goods” is used in its generic sense. The word is also susceptible of a specific meaning, as in the phrase “a stock of goods,” where it means articles of movable property which are being held for sale.
In this statute it is used either in its generic or in its specific sense — the prosecution contends the former; defendant, the latter.
The effect of the contention of the prosecution would be to make all property, or, at any rate, all movable property, of whatever kind, the subject of arson; and at once the objection suggests itself that, if the Legislature had intended to do that, it would simply have said so, and not made the laborious, careful, and discriminative list which we find in the statute. That such was not the intention of the Legislature sticks out of this statute in several places. For example, the statute is particular in specifying that the cord wood must be in the cord, so that loose cord wood is not intended to be included; and hay must be in the stack or bale, or in a heap, so that hay spread out is not included; and coal must be in certain specified situations, so that coal differently situated is not included. An even stronger argument could be deduced from the use of the word “imoduce” in two connections, showing clearly that not all property was intended to be included, but that, on the contrary, a very careful particularization was aimed at.
That the Legislature did not understand that the word “goods” was to have this broad meaning is shown by the fact that it amended tire statute in 1888, by Act 114, p. 177, of that year, so as to add “grass” to the kinds of property, the malicious burning or attempting to burn which should be arson. Under the contention of the prosecution as to the scope of the word “goods,” grass, which is property, was already included in the statute, and that amendment was entirely unnecessary.
If we gave to the word “goods” this all-embracing meaning, whereby all property, without exception, would become the subject of arson, we should bring the statute in contradiction with itself, for in one place it would say that all property, without exception, was the subject of arson, and in another place it would, by the very strongest implication, say that cord wood not in the cord, hay not in the stack or bale or *641 heap, coal situated otherwise than as described, were not the subjects of arson.
Where specific and general terms of the same nature are employed in the same act, whether the latter follow or precede the former, the general terms take their meaning from the specific, “and are presumed to embrace only things or persons designated by them.” Am. & Eng. Ency. vol. 26, p. 609. This applies with peculiar force in the present case, for not only are the words “goods, wares and merchandise” used in the same statute, but they are used in combination, and set apart to themselves in a separate group. Thus—
“any bridge, shed, railroad, plank-road, railroad car, carriage or other vehicle,
“or any goods, wares or merchandise,
“or any stack, bale or heap of hay, fodder, grain, corn or other produce,” etc.
Bishop on Stat. Crimes, '§ 344, has the following: “Under an enactment against the larceny of any goods, wares, or merchandise in any vessel upon any navigable river, the word ‘goods’ was construed not even to extend to dollars, or Portugal money, not current by proclamation; but the reason appears to have been that, as it was connected in the clause with ‘wares or merchandise,’ the latter limited its meaning.”
Another canon of construction is expressed by Black on Interpretation, p. 83, as follows:
“In giving construction to a statute, the courts are bound, if it be possible, to give effect to all its parts. No sentence, clause, or word should be construed as unmeaning and surplusage, if a' construction can be legitimately found w'hich will give force to and preserve all the words of the statute.”
Now, if the construction advocated by the prosecution were to prevail, the one compendious word “goods” would absorb the whole, and more than the whole, statute, and the specifications of the statute would be meaningless surplusage; in fact, they would be worse than useless, since their presence would operate to bring uncertainty where otherwise none would exist.
We conclude that the meaning of the word “goods” must be restricted as contended by defendant, and that the motion in arrest of judgment should have been sustained.
It is perhaps as bad to burn the wooden boxes of another’s merry-go-round outfit as to burn his coal in the street, or his wood corded in his back yard or in his woods, but that is not a reason for extending the scope of the statute beyond the limit assigned to it by the Legislature. Nothing is a crime under our law which is not made so by statute. The court cannot by construction make that a crime which is not expressly made so by the Legislature. In the language of Chief Justice Marshall (U. S. v. Wiltzberger, 5 Wheat. 95, 5 L. Ed. 37), “It would be dangerous, indeed, to carry the principle that a case which is within the reason or mischief of the statute is within its provisions, so far as to punish a crime not enumerated in the statute, because it is of equal atrocity or of kindred character with those which are enumerated.” On the same subject, Bishop, Stat. Crimes, § 220, quotes from Hawkins as follows: “No parallel case which comes within the same mischief shall be considered to be within the purview of the statute unless it can be brought within the meaning of the words.” And he adds: “In slightly different language, though a case of this sort is fully within the same mischief to be remedied, and is even of the same class and within the same reason as other cases enumerated in the statute, construction will not be permitted to bring it within the statute unless it is also within the statutory words.”
On the original hearing the prosecution relied solely on the latitudinarian meaning of the word “goods”; but on the rehearing the counsel for the state say that even conceding that the word “goods,” as used in the *643 statute( must be restricted, to such articles as merchants usually keep for sale, still the indictment sets forth a crime, because non constat that the boxes it refers to were not part of the stock of goods of a merchant. The simple and evident answer to this is that it does not appear that they were, and that in the construction of indictments nothing is taken by intendment, but every essential ingredient of the crime must affirmatively appear. In order that the alleged burning should have been a crime, it did not suffice that the merry-go-round outfit in question belonged to another; it had also, and in addition, to be an article of trade — a thing classable as “goods, wares, or merchandise.” The latter feature constituted an essential ingredient of the crime, and had to be set forth, in order that the crime should appear. The court can no more take by intendment that a particular merry-go-round outfit was part of a stock of goods, than it could take by intendment that a particular homicide had been committed “willfully, feloniously, and of malice aforethought.”
It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside, and that the motion in arrest of judgment be sustained, and the accused be ordered to be released without day.